T.C. Memo. 2012-28

UNITED STATES TAX COURT

SEAN S. BROWN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20223-09.                    Filed January 31, 2012.

Sean S. Brown, pro se.

<u>James R. Bamberg</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, Judge:  Respondent determined a deficiency in petitioner's Federal income tax  of $20,104 and an accuracy-related penalty of $4,021 for 2007.  The issues for decision are:  (1) whether petitioner was required to report interest income of $59,061.46  (We hold that petitioner was required, but failed, to report such income.);  and (2)  whether petitioner is liable for an accuracy-related penalty pursuant to section 6662(a)[1]  (We hold that he is so liable.).

FINDINGS OF FACT

Petitioner resided in Florida when his petition was filed.  In 2007, petitioner won a settlement award against the United States Postal Service (USPS) for backpay in the gross amount of $205,848.95.  After various amounts were withheld, petitioner received a check for the settlement award of $134,461.77.  Petitioner received a second check for interest on the settlement award of $57,753.59.  The remittance advice sent with the second check advised petitioner:

> Any tax liability resulting from this payment is your responsibility.  The IRS makes the determination on whether taxes must be paid.  You should consult the IRS or a tax attorney to answer any tax reporting questions that you may have.

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue.

Petitioner later received a Form W-2, Wage and Tax Statement, from the USPS which indicated that petitioner received wages for 2007 of $242,792. Petitioner received a Form 1099-INT, Interest Income, from the USPS indicating that he received interest income of $57,753.59 in 2007. Additionally, petitioner received a Form 1099-INT from Suncoast Schools Federal Credit Union indicating that he received interest income for 2007 of $1,307.87. Petitioner, through his paid preparer, Amscot Tax Service, timely and electronically filed his 2007 Federal income tax return. On that return petitioner did not report any interest income.

Following petitioner's receipt of respondent's notice of deficiency, on August 24, 2009, petitioner timely filed a petition with this Court. A trial was held in Tampa, Florida. Following trial, we allowed petitioner additional time to support his trial position with further evidence. Petitioner failed to do so. Thus, the trial record was subsequently closed.

## OPINION

### I. Gross Income

Gross income includes all income from whatever source derived. Sec. 61(a). Interest income is expressly included in this definition. Sec. 61(a)(4).

At trial, petitioner recognized that he should have included the interest payments in his gross income.[2] Petitioner's main contention, instead, is that the USPS deposited $20,000 from the settlement award into his workplace retirement account and that this amount should be excluded from income. Petitioner submitted no evidence of any transfer of settlement proceeds to his retirement account. Accordingly, we cannot determine the validity of petitioner's claim.

As petitioner has conceded that the interest payments should have been included in his gross income, respondent's determinations on this issue are sustained.

## II. Accuracy-Related Penalty

Section 6662(a) and (b)(2) imposes a penalty equal to 20% of the portion of an underpayment of tax that is attributable to any substantial understatement of income tax. A substantial understatement of income tax exists if the amount of the understatement for the taxable year exceeds the greater of 10% of the tax required to be shown in the return for such year or $5,000. Sec. 6662(d)(1)(A).

---

[2]In an amended return which was apparently filed incorrectly, petitioner also correctly included those payments.

Petitioner underpaid his tax liability by $20,104, an underpayment that exceeds 10% of the tax of $79,398 which was required to be shown on his 2007 return. Accordingly, petitioner is liable for the section 6662 penalty.

Section 6664(c) provides a reasonable cause exception to the accuracy-related penalty. Generally, under section 6664(c)(1), no penalty is imposed under section 6662 with respect to any portion of an underpayment if it is shown that there was reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion. Petitioner failed to argue that the reasonable cause exception applies to his underpayment; moreover, the record does not suggest that he acted with reasonable cause and in good faith by failing to include interest income on his 2007 return.

To reflect the foregoing,

Decision will be entered

for respondent.